## HENRY FINCK COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4339.    Decided September 29, 1926.

Value of farm land at March 1, 1913, determined.

*Stephen N. Blewett, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the respondent.

The Commissioner asserts a deficiency in income and profits taxes for the year 1918 in the amount of $17,206.01. The issues are the fair market value of a tract of farm land at March 1, 1913, and the exact acreage involved.

### FINDINGS OF FACT.

The petitioner is a California corporation with its principal office at Stockton. It was organized in 1912, and, from that date until its dissolution subsequent to the taxable year, was engaged in farming in San Joaquin County. The authorized capital was $100,000. It was a family affair, incorporated to carry on the agricultural operations of Henry Finck and his children. The capital stock was allotted and issued as follows: Henry Finck, 520 shares; each of the six children, 80 shares. Henry Finck and two of his sons, Fred H. and Harry C. Finck, were the directors named in the articles of incorporation.

The entire authorized capital stock of the petitioner was issued, pursuant to proper corporate action, for real estate and personal property taken into the accounts of the corporation at valuations of $112,600 and $15,350, respectively, or a total of $127,950. Liabilities of Henry Finck, in the amount of $30,000, were assumed and entered on the books of the petitioner as its obligations. The Commissioner

included the full par value of the stock issue of the petitioner in his computation of its invested capital for the year 1918.

During the year 1918, the petitioner sold 1,179.79 acres of its land for $90 an acre and received therefor the amount of $106,181.10. It included no profits from this transaction in its income and profits-tax return for the taxable year. Upon audit of such return, the Commissioner determined that the petitioner had sold 1,186 acres of land and had realized a net profit in the amount of $38,408.60, and, on March 26, 1925, mailed the notice of deficiency which is the basis of this proceeding. The parties agree that the value of the land in question at March 1, 1913, was greater than cost, and that such value is the proper basis for the computation of any gain realized from the sale in 1918.

Henry Finck became a resident of California about 1850. In the course of years he acquired the land in question and other tracts located in the delta of the San Joaquin River. This land was nearly all subject to overflow. Reclamation for agricultural purposes required the building of levees to prevent flooding and the construction of irrigation works to secure adequate moisture for growing crops during the dry season that occurs yearly in that locality. At March 1, 1913, the 1,179.79 acres of farm land transferred by Finck to the petitioner were all protected from flood by levees and about 200 acres were under irrigation, and the entire tract was in cultivation as a grain and dairy farm.

The petitioner sold 1,179.79 acres of land in the year 1918, and received therefor $90 an acre, or a total of $106,181.10. The fair market price or value of such land at March 1, 1913, was $85 per acre.

### OPINION.

LANSDON: The petitioner proved by the uncontradicted testimony of a licensed land surveyor, who surveyed the tract in question for the purpose of determining the total sales price at $90 an acre, that the land sold had a total area of 1,179.79 acres. We sustain its contention as to the number of acres in question.

The determination of the main issue in this proceeding requires us to find the fair market value or price at March 1, 1913, of the land sold by the petitioner in the taxable year. The deficiency asserted by the Commissioner is based on a valuation of $55 per acre at the basic date. The taxpayer contends that such value was not less than $90 per acre. Each party relies largely on the opinions of farmers, real estate operators, and others, familiar with lands and land values in the so-called delta district near Stockton.

On the question of value the petitioner produced six witnesses. Amos Jones and J. Henry Smith, real estate operators at Stockton,

testified, respectively, that at March 1, 1913, the land was worth $90 and from $85 to $90 an acre, and that there was no increase in land values in that locality between the years 1913 and 1918. J. W. Preston, agent for an estate owning a large adjoining area of similar lands testified to a value of $100 an acre at the basic date. Louis Moreing, the purchaser, placed the value at $100 per acre at March 1, 1913, and stated that he would have bought the land at that time for that price if it had then been for sale. He was also of the opinion that there was no increase in the value of land in that locality between 1913 and 1918. W. H. Hubbard, probate and inheritance tax appraiser for San Joaquin County for the past sixteen years testified to familiarity from boyhood with the land in question and that in his opinion it was worth $85 per acre at March 1, 1913. He has appraised many tracts of similar land for inheritance and probate purposes, and has often served as an appraiser for banks making loans on such lands. Henry C. Finck, one of the incorporators of the petitioner, testified as to the material facts of the incorporation of the petitioner and the sale from which the alleged deficiency arises, but declined to offer any opinion as to the value of the land at March 1, 1913. Fred H. Finck, also an incorporator, testified that he had lived on and farmed the land in question or similar land all his life, and that, in his opinion, the tract sold was worth at least $100 an acre at March 1, 1913, and that there was no increase in value from that date to 1918.

In addition to the opinion testimony of its witnesses the petitioner also proved that an adjoining tract of similar land was leased in 1913, with an option to the lessee to purchase the entire tract of 13,000 acres at any time during the term of the leasehold for $1,200,000, and that such option was exercised in 1920.

Three witnesses were called by the Commissioner. N. V. Egan and Francis Cutting, real estate operators at Stockton for many years, testified, respectively, that the land in question was worth $50 and $55 an acre at March 1, 1913, and that between that time and the date of sale there was an increase in the market value of similar land in that locality of 5 per cent to 30 per cent. G. A. Atherton, a civil engineer familiar with the land, interested in irrigation projects in the delta district for forty years, and general manager of a corporation owning large nearby tracts of similar lands, testified that in his opinion the value of the tract in question at the basic date was $55 to $60 per acre.

In cross examination counsel for the Commissioner elicited the fact that Henry Finck bought 429.24 acres of delta land in 1913 for $78.54 per acre, and that in 1918, he sold 102 acres of that tract at $150 per acre. In redirect examination counsel for the petitioner

established the facts that such land is situated at least seven miles from the property of the petitioner, and that the purchaser was willing to pay more than market value because he needed that acreage for the construction of ditches necessary to the economic completion of irrigation and drainage works on a much larger adjacent tract that he owned at that time. To our minds this transaction is without probative value to support the contentions of the Commissioner.

In the light of all the evidence the Board is of the opinion that the land in question had a fair market value of $85 per acre at March 1, 1913.

> *Order of redetermination will be entered on 20 days' notice, under Rule 50.*